Maida v St. Bonaventure Univ. (2019 NY Slip Op 06389)





Maida v St. Bonaventure Univ.


2019 NY Slip Op 06389


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-08792
 (Index No. 13825/15)

[*1]Trevor Maida, appellant,
v St. Bonaventure University, respondent.


Glynn Mercep and Purcell, LLP, Stony Brook, NY (Timothy B. Glynn and Scott MacLagan of counsel), for appellant.
Stewart H. Friedman, Garden City, NY (Robert F. Horvat of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated June 16, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while participating in a game of ultimate frisbee with other members of the men's swim team at the defendant, St. Bonaventure University (hereinafter the University). While playing ultimate frisbee in a gymnasium as part of an organized swim team practice, the plaintiff jumped for the frisbee and collided with a crossbeam that was protruding from the wall of the gymnasium behind the "end zone." In his complaint, the plaintiff alleged that the University's negligence in allowing the gymnasium to remain in an unsafe and dangerous condition caused his injuries. In its answer, the University alleged that the plaintiff's action was barred by the doctrine of primary assumption of risk. In his bill of particulars, the plaintiff alleged that the University was negligent in failing to maintain the gymnasium in a safe and proper manner, failing to correct the hazardous exposed crossbeam, failing to warn the plaintiff of the hazardous condition, failing to place padding on the crossbeam, failing to adequately supervise the plaintiff, and failing to properly train staff to supervise the plaintiff.
The University moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of primary assumption of risk. In opposition, the plaintiff argued that the University failed to establish that he was aware of the presence of the crossbeam and that there was a triable issue of fact as to whether the University's failure to install protective padding on the crossbeam unreasonably increased the risk of injury. The Supreme Court granted the University's motion, and the plaintiff appeals.
On appeal, the plaintiff contends that the doctrine of primary assumption of risk does not apply because he was compelled to participate in the ultimate frisbee game by his coach, and he did not have the opportunity to assess the risks of playing. However, these contentions, which, in effect, invoke the inherent compulsion doctrine, are raised for the first time on appeal and do not involve a pure question of law that appears on the face of the record and could not have been avoided [*2]if brought to the attention of the Supreme Court (see Matter of Sagres 9, LLC v State of New York, 164 AD3d 903, 905; Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465-466; Tsiboukis v Estate of Nicolopoulos, 161 AD3d 1212, 1212). Therefore, these contentions are not properly before this Court.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court